IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| BLANEY EARL BARNES (Dallas Cty. Jail Book-In No. 17023416), | § § § | |
| Petitioner, | § § | |
| V. | § § | No. 3:18-cv-1420-G-BN |
| DALLAS COUNTY JAIL, ET AL., | § § § | |
| Respondents. | § | |

### FINDINGS, CONCLUSIONS, AND RECOMMENDATION OF THE UNITED STATES MAGISTRATE JUDGE

Petitioner Blaney Earl Barnes, a pretrial detainee at the Dallas County jail, has filed a petition for writ of habeas corpus under 28 U.S.C. § 2254. *See* Dkt. No. 2. This resulting action has been referred to the undersigned United States magistrate judge for pretrial management under 28 U.S.C. § 636(b) and a standing order of reference from Senior United States District Judge A. Joe Fish. The undersigned enters these findings of fact, conclusions of law, and recommendation that the Court should dismiss the habeas petition without prejudice to Barnes's right to pursue available state court remedies.

### Applicable Background

Barnes stands indicted in state court in Dallas County for aggravated sexual assault, in two separate cases. *See State v. Barnes*, Nos. F17-75611 & F18-00121 (Crim. Dist. Ct. No. 5, Dallas Cty., Tex.). Through this habeas action, he appears to raise grounds concerning the second-filed action, including due process claims related to the indictment and lack of an examining trial. *See* Dkt. No. 2 at 6-7. And, to the extent that

Barnes includes in his habeas petition civil rights claims, *see, e.g., id.* at 7 (requesting monetary damages), the Court need not sever those claims into a new action, as Barnes has also filed a lawsuit under 42 U.S.C. § 1983 that includes similar due process grounds, *see Barnes v. Thompson*, No. 3:18-cv-1419-N-BN (N.D. Tex.).

## Legal Standards and Analysis

First, relief under Section 2254 is not available to Barnes, as he is not "in custody pursuant to the judgment of a State court." 28 U.S.C. § 2254(a). But "Section 2241 is still 'available for challenges by a state prisoner who is not in custody pursuant to a state court judgment.' For example, prisoners 'in state custody for some other reason, such as pre-conviction custody, custody awaiting extradition, or other forms of custody that are possible without a conviction' are able to take advantage of § 2241 relief." *In re Wright*, 826 F.3d 774, 782 (4th Cir. 2016) (quoting *White v. Lambert*, 370 F.3d 1002, 1006 (9th Cir. 2004)).

"A state pretrial detainee is entitled to raise constitutional claims in a federal habeas proceeding under § 2241 if two requirements are satisfied." *Ray v. Quarterman*, No. 3:06-cv-850-L, 2006 WL 2842122, at *1 (N.D. Tex. July 24, 2006), *rec. adopted*, 2006 WL 2844129 (N.D. Tex. Sept. 29, 2006).

Barnes's incarceration in the Dallas County jail satisfies the initial "in custody" requirement. *See id.* But he must also exhaust "his available state remedies." *Id.* at *1 & n.1 (explaining that, "[d]espite the absence of an exhaustion requirement in the statutory language of § 2241, the courts have developed an exhaustion doctrine, holding that federal courts should abstain from the exercise of jurisdiction until the

issues are resolved in state court"; citing *Dickerson v. Louisiana*, 816 F.2d 220, 225 (5th Cir. 1987), and *Braden v. 30th Judicial Circuit Ct. of Ky.*, 410 U.S. 484, 489-92 (1973)); *see also Fain v. Duff*, 488 F.2d 218, 223 (5th Cir. 1973) ("With respect to collateral attack on convictions in state court, the requirement was codified in 28 U.S.C. § 2254(b), but the requirement applies to all habeas corpus actions.").

> State remedies are ordinarily not considered exhausted so long as the petitioner may effectively present his claims to the state courts by an currently available and adequate procedure. *Braden*, 410 U.S. at 489. This entails submitting the factual and legal basis of any claim to the highest available state court for review. *Carter v. Estelle*, 677 F.2d 427, 443 (5th Cir . 1982). A Texas pretrial detainee must present his claim to the Texas Court of Criminal Appeals. *See Deters v. Collins*, 985 F.2d 789, 795 (5th Cir. 1993); *Richardson v. Procunier*, 762 F.2d 429, 432 (5th Cir. 1985).
>
> A petitioner may be excused from the exhaustion requirement only if he can show "exceptional circumstances of peculiar urgency." *Deters*, 985 F.2d at 795. Absent exceptional circumstances, a pre-trial detainee may not adjudicate the merits of his claims before a judgment of conviction has been entered by a state court. *Braden*, 410 U.S. at 489.

*Ray*, 2006 WL 2842122, at *1; *see also Braden*, 410 U.S. at 493 ("Derailment of a pending state proceeding by an attempt to litigate constitutional defenses prematurely in federal court" is not allowed.). Barnes has failed to make this showing.

The Court should therefore dismiss this action under Rule 4 of the Rules Governing Section 2254 Cases, which also applies to Section 2241 habeas petitions, *see* RULE 1(b), RULES GOVERNING SECTION 2254 CASES IN THE UNITED STATES DISTRICT COURTS, and under which a district court may summarily dismiss a petition "if it plainly appears from the face of the petition and any exhibits annexed to it that the petitioner is not entitled to relief in the district court," RULE 4, RULES GOVERNING

SECTION 2254 CASES IN THE UNITED STATES DISTRICT COURTS.

> This rule differentiates habeas cases from other civil cases with respect to *sua sponte* consideration of affirmative defenses. The district court has the power under Rule 4 to examine and dismiss frivolous habeas petitions prior to any answer or other pleading by the state. This power is rooted in "the duty of the court to screen out frivolous applications and eliminate the burden that would be placed on the respondent by ordering an unnecessary answer."

*Kiser v. Johnson*, 163 F.3d 326, 328 (5th Cir. 1999) (quoting 28 U.S.C. foll. § 2254 Rule 4 Advisory Committee Notes); *see Rodriguez v. Dretke*, No. 5:04-cv-28-C, 2004 WL 1119704, at *1 (N.D. Tex. May 17, 2004) (applying Rule 4 prior to the filing of an answer where this "Court [was] of the opinion that [the petitioner] has failed to exhaust his state court remedies" (citing *Kiser*)); *see also Magouirk v. Phillips*, 144 F.3d 348, 357 (5th Cir. 1998) ("Failure to exhaust is not a jurisdictional defect. Failure to exhaust is an affirmative defense that may be waived by the state's failure to rely upon the doctrine. And yet there is no doubt that a federal court may raise *sua sponte* a petitioner's failure to exhaust state law remedies and apply that doctrine to bar federal litigation of petitioner's claims until exhaustion is complete." (citations omitted)); *Dispensa v. Lynaugh*, 847 F.2d 211, 217 (5th Cir. 1988) ("This requirement, that a petitioner who seeks federal redress must first seek relief in state courts and thus exhaust his state remedies, is not a jurisdictional prerequisite, but a prudential policy based on concerns for federalism." (citations omitted)).

## Recommendation

The Court should dismiss the pending habeas action without prejudice to Barnes's right to pursue available state court remedies.

A copy of these findings, conclusions, and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions, and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions, and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved p0arty from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

DATED: June 6, 2018

_____
DAVID L. HORAN
UNITED STATES MAGISTRATE JUDGE